UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CYNTHIA PAPILLON, | No. C 12-01847 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | [Re: ECF No. 5] |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |
| _____/ | |

## I. INTRODUCTION

Plaintiff Cynthia Papillon filed this action against defendant San Francisco Unified School District ("SFUSD") on April 13, 2012.  Complaint, ECF No. 1.[1]  SFUSD moves to dismiss Ms. Papillon's complaint for failure to state a claim.  Motion to Dismiss, ECF No. 5.  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the October 18, 2012 hearing.  Upon consideration of the papers submitted and applicable legal authority, the court **GRANTS** SFUSD's motion and **DISMISSES WITHOUT PREJUDICE** Ms. Papillon's complaint.

///

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-01847 LB
ORDER

**UNITED STATES DISTRICT COURT**
For the Northern District of California

## II. BACKGROUND

Ms. Papillon, who is of African descent and from "the British Isles," worked for SFUSD from November 2006 to February 2010. Complaint, ECF No. 1, ¶¶ 4, 5. She was hired as a full-time 1632 Senior Account Clerk and worked in SFUSD's Accounts Payable Department. *Id*., ¶ 4. Her job duties included analyzing "the financial activities for the department's fiscal role, reconciling contractor accounts, and [completing] other administrative financial tasks." *Id*. Paulette Terrell, the Director of Financial Services for SFUSD, became Ms. Papillon's direct supervisor in April 2007. *Id*., ¶ 5. Ms. Terrell is African-American. *Id*.

Ms. Papillon alleges that she was the victim of discriminatory and/or retaliatory conduct during her tenure at SFUSD. *See id.*, ¶¶ 6-23. In short, she alleges that she was denied several promotions due to her race and national origin, that she was the subject of false accusations and discriminatory comments and was forced to work in a hostile work environment, and that she was harassed and retaliated against by Ms. Terrell and others because she discovered, and alerted other employees about, possible tax-related improprieties committed by SFUSD. *See id*. On January 25, 2010, as a result of this situation, Ms. Papillon "took a [three-week] medical leave for stress related to her employment." *Id*., ¶ 23. Her medical leave was scheduled to end on February 15, 2010, but before that date, Ms. Papillon accepted a new job with the San Francisco Public Utilities Commission, thus ending her employment at SFUSD. *Id*., ¶ 25.

On May 26, 2010, Ms. Papillon filed a complaint with the Equal Opportunity Employment Commission ("EEOC"). *See* Complaint, ECF No. 1, ¶ 28, Ex. A. The EEOC issued what Ms. Papillon alleges is a right-to-sue letter on September 29, 2011. *See id*., Ex. A.

On April 13, 2012—197 days after the purported right-to-sue letter was issued—Ms. Papillon instituted this action. *Id*. She alleges five causes of action. *See id*. Her first cause of action actually contains two discrimination and harassment claims: one under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and one under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940(a). *Id*., ¶¶ 29-39. And her second cause of action actually contains four retaliation claims: one under Title VII, one under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, one under FEHA, and one under California Labor Code §

C 12-01847 LB
ORDER

2

1   1102.5(b).  *Id*., ¶ 40-49.  Her third, fourth, and fifth causes of action allege claims for intentional

2   infliction of emotional distress, negligent infliction of emotional distress, and breach of the covenant

3   of good faith and fair dealing, respectively.  *Id*., ¶ 50-65.

4       On August 9, 2012, SFUSD filed a motion to dismiss Ms. Papillon's complaint.  Motion to

5   Dismiss, ECF No. 5.  Ms. Papillon filed an opposition, Opposition, ECF No. 15, and SFUSD filed a

6   reply, Reply, ECF No. 16.

7                                   **III.  LEGAL STANDARD**

8       Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

9   the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a

10  defendant with "fair notice" of the claims against it and the grounds for relief.  *See Bell Atlantic*

11  *Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

12      A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

13  not contain enough facts to state a claim to relief that is plausible on its face.  *See Twombly*, 550

14  U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

15  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a

17  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

18  unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 557.).  "While a complaint attacked by a Rule

19  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

20  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

21  formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

22  enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal

23  citations and parentheticals omitted).

24       In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

25  and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *Erickson v. Pardus*, 551

26  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

27      If the court dismisses the complaint, it should grant leave to amend even if no request to amend

28  is made "unless it determines that the pleading could not possibly be cured by the allegation of other

C 12-01847 LB
ORDER

1    facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

2    *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party

3    repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See*

4    *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

5    district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim

6    with leave to amend).

7                                  **IV.  DISCUSSION**

8    **A.  Ms. Papillon's Claims for Intentional and Negligent Infliction of Emotional Distress,**

9    **Breach of the Covenant of Good Faith and Fair Dealing, and Retaliation in Violation of the**

10   **WPA**

11       The court first addresses Ms. Papillon's claims for intentional and negligent infliction of

12   emotional distress, breach of the covenant of good faith and fair dealing, and for retaliation in

13   violation of the WPA.

14       In its motion, SFUSD pointed out that Ms. Papillon's emotional distress claims are barred by the

15   applicable two-year statute of limitations because she knew of the essential facts underlying these

16   claims no later than the date she left SFUSD in February 2010 but did not file this action until April

17   13, 2012.  Motion to Dismiss, ECF No. 5 at 6.  In her opposition, Ms. Papillon conceded that the

18   statute of limitations has run on these claims.  Accordingly, Ms. Papillon's claims for intentional and

19   negligent infliction of emotional distress are **DISMISSED WITH PREJUDICE**.

20       SFUSD also argues in its motion that Ms. Papillon's claim for breach of the covenant of good

21   faith and fair dealing must fail because such a claim requires a contractual relationship, but Ms.

22   Papillon is a public employee whose employment is "not held by contract but by statute. *Id*. at 6-7

23   (quoting *Shoemaker v. Myers*, 52 Cal. 3d 1, 23 (1990)).  It is true that, "[g]enerally speaking, public

24   employment in California is held by statute, not by contract." *Byrd v. California Superior Court,*

25   *County of Marin*, No. C 08–04387 MHP, 2009 WL 2031761, at *6 (N.D. Cal. July 8, 2009) (citing

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1   *Shoemaker*, 52 Cal. 3d at 23).[2]  For this reason, the California Supreme Court has held that a state

2   employee cannot bring a claim for breach of the covenant of good faith and fair dealing.

3   *Shoemaker*, 52 Cal. 3d at 23 ("Plaintiff has also attempted to state a cause of action for breach of

4   contract or breach of the implied covenant of good faith and fair dealing.  However, because plaintiff

5   is a civil service employee, he cannot state such a cause of action."); *see Scott v. Solano County*

6   *Health and Social Services Dept.*, 459 F. Supp. 2d 959, 957 (E.D. Cal. 2006) ("Given that plaintiff

7   was a public employee whose terms of employment is governed by statute, she cannot state a cause

8   of action for breach of the implied covenant of good faith and fair dealing.") (citing *Shoemaker*, 52

9   Cal. 3d at 23-24).  Ms. Papillon does not address SFUSD's argument at all in her opposition, and in

10  light of the authority cited above, the court can only take her silence as a concession on this point.

11  Accordingly, Ms. Papillon's claim for breach of the covenant of good faith and fair dealing is

12  **DISMISSED WITH PREJUDICE**.

13      SFUSD also correctly points out a plaintiff may only bring a retaliation claim under the WPA if

14  he or she is a federal employee.  Reply, ECF No. 16 at 5; *see Williams v. Virginia, State Bd. of*

15  *Elections*, Civil Action No. 3:11CV863–HEH, 2012 WL 2878579, at *5 (E.D. Va. July 13, 2012)

16  ("According to the express terms of the statute, the WPA applies only to federal employees.") (citing

17  5 U.S.C. § 2105); *Wills v. Grundy County*, No. 07 C 5257, 2008 WL 4874061, at *4 (N.D. Ill. June

18  26, 2008) ("The federal whistleblower statute [(the WPA)] only applies to federal employees.")

19  (citing *Quarles v. Colo., Sec. Agency, Inc.*, 843 F.2d 557, 559 (D.C. Cir. 1988)).  Ms. Papillon

20  alleges that she was an employee of SFUSD during the entire time at issue here; she does not, and

21  cannot, allege that she was a federal employee.  Accordingly, Ms. Papillon's retaliation claim under

22  the WPA is **DISMISSED WITH PREJUDICE**.

23  **B. Ms. Papillon's Title VII Claims**

24      SFUSD argues that Ms. Papillon's Title VII discrimination and harassment claim alleged in her

25

26      [2] "The California Supreme Court has held, however, that some aspects of a public

27  employee's employment are nonetheless protected by the contract clause."  *Byrd*, 2009 WL
    2031761, at *6 (citing *White v. Davis*, 30 Cal. 4th 528, 564–65 (2003) (holding that a public

28  employee has a contractual right to the payment of an earned salary)).

1   first cause of action and her Title VII retaliation claim alleged in her second cause of action fail

2   because she failed to timely file this action.

3       "Plaintiffs must bring a civil action under Title VII within 90 days of receipt of a notice of right

4   to sue from the EEOC as required by 42 U.S.C. § 2000e-5(f)(1)." *Varnado v. ABM Industries, Inc.*,

5   No. C-07-00804 CRB, 2007 WL 2915027, at *2 (N.D. Cal. Oct. 5, 2007). "Procedural requirements

6   such as a statute of limitations are to be strictly adhered to." *Id.* (citing *Scholar v. Pac. Bell*, 963

7   F.2d 264, 268 (9th Cir. 1992) (holding that a Title VII claim was foreclosed because it was filed

8   three days after expiration of the statute of limitations) and *Gonzalez v. Stanford Applied Eng'g,*

9   *Inc.*, 597 F.2d 1298, 1299 (9th Cir.1979) (per curiam) (affirming dismissal of Title VII claim on

10  ground that suit was not timely brought)). "When a Title VII claimant fails to file within the 90-day

11  statute of limitations, the action is barred." *Id.* (citing *Scholar*, 963 F.2d at 267).

12      Ms. Papillon alleges that she filed a complaint with the EEOC on May 26, 2010 and received a

13  right-to-sue letter on September 29, 2011. *See* Complaint, ECF No. 1, ¶ 28, Ex. A. However, the

14  September 29, 2011 letter that she says is the right-to-sue letter, which she attached as Exhibit A to

15  her Complaint, does not actually appear to be one. *See id.*, Ex. A. Rather, it appears to be a letter

16  from the EEOC that says Ms. Papillon will receive a right-to-sue letter sometime in the future. *See*

17  *id.*, Ex. A.

18      Even if the court considers the September 29, 2011 letter to be a right-to-sue letter, it would

19  appear that Ms. Papillon's Title VII claims are time barred because she did not institute this action

20  until April 13, 2012—197 days after the purported right-to-sue letter was issued. *Id.* Of course, the

21  Title VII's 90-day statute of limitations is subject to the doctrine of equitable tolling, *Scholar*, 963

22  F.2d at 266-67, but a Title VII plaintiff has the burden of demonstrating entitlement to it, *see id.* at

23  268. Ms. Papillon does not allege any facts in support of tolling, *see generally* Complaint, ECF No.

24  1, nor does she argue for it in her opposition, *see* Opposition, ECF No. 15 at 2. Instead, she argues

25  that because she filed this action within the one-year statute of limitations applicable to FEHA

26  claims, her Title VII claims likewise should be considered timely. *See id.* This argument is not

27  persuasive. "Equitable tolling of the Title VII's 90-day statute of limitations is appropriate where,

28  'for example, . . . the statute of limitations was not complied with because of defective pleadings,

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's

2  notice of the statutory period was clearly inadequate.'"  *Thomas v. City and County of San*

3  *Francisco*, No. 03-1258 MMC, 2004 WL 1091146, at *2 (N.D. Cal. May 4, 2004) (quoting *Scholar*,

4  963 F.2d at 267-68).  "Equitable tolling is not available, however, 'when a late filing is due to [the]

5  claimant's failure to exercise due diligence in preserving his legal rights.'"  *Id.* (quoting *Scholar*, 963

6  F.2d at 267-68) (internal quotation marks omitted).  Simply put, Ms. Papillon's argument does not

7  implicate any recognized basis for equitable tolling.

8      In sum, because Ms. Papillon has not clearly alleged that she received an actual right-to-sue

9  letter, and thus has not clearly alleged that she exhausted her administrative remedies and timely

10  filed this action, her Title VII claims must be dismissed.  However, given the confusion about the

11  purported right-to-sue letter, and the lack of any allegations addressing tolling, her Title VII claims,

12  for now, are **DISMISSED WITHOUT PREJUDICE**.

13  **C.  Ms. Papillon's FEHA Claims**

14      SFUSD argues that Ms. Papillon's FEHA discrimination and harassment claim alleged in her

15  first cause of action and her FEHA retaliation claim alleged in her second cause of action fail

16  because she failed to exhaust her administrative remedies.  Motion to Dismiss, ECF No. 5 at 5.

17      "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute

18  by filing a complaint with [California's] Department of Fair Employment and Housing [("DFEH")]

19  and must obtain from [the DFEH] a notice of right to sue in order to be entitled to file a civil action

20  in court based on violations of the FEHA.  *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492

21  (1996) (citing Cal. Gov't Code §§ 12960, 12965(b); *Martin v. Lockheed Missiles & Space Co.*, 29

22  Cal. App. 4th 1718, 1724 (1994); *Rojo v. Kliger*, 52 Cal. 3d 65, 88 (1990)).  "The timely filing of an

23  administrative complaint is a prerequisite to the bringing of a civil action for damages under the

24  FEHA."  *Id.* (citing *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 349 (1993); *Denny v.*

25  *Universal City Studios, Inc.*, 10 Cal. App. 4th 1226, 1232 (1992)).

26      Nowhere in her Complaint does Ms. Papillon allege that she received a right-to-sue notice from

27  the DFEH.  *See generally* Complaint, ECF No. 1.  She does allege that he received a right-to-sue

28  letter from the EEOC (although, as explained above, the court is unsure whether the letter attached

1   to the Complaint actually is one), but "[a]n EEOC right-to-sue letter does not satisfy the

2   jurisdictional requirement of exhaustion of remedies as to FEHA claims." *Alberti v. City & County*

3   *of San Francisco Sheriff's Dept.*, 32 F. Supp. 2d 1164, 1174 (N.D. Cal. 1998 (*citing Martin*, 29 Cal.

4   App. 4th at 1724).  Because the court cannot waive the jurisdictional requirement that Ms. Papillon

5   first file a complaint with the DFEH and receive a right-to-sue letter before bringing a civil suit

6   under FEHA, Ms. Papillon's FEHA claims in her first and second causes of action must be

7   dismissed.  But given the general confusion about whether Ms. Papillon filed a complaint with the

8   DFEH—she argues in her opposition that the complaint she filed with the EEOC on May 26, 2012

9   also was filed with the DFEH, but this is not clear from the document she attached to her Complaint,

10  *see* Complaint, ECF No. 1, Ex. A—and whether she received a right-to-sue letter from the DFEH,

11  her FEHA claims, for now, are **DISMISSED WITHOUT PREJUDICE**.

12  **D.   Ms. Papillon's Retaliation Claim under California Labor Code § 1102.5(b)**

13          SFUSD also argues that Ms. Papillon's retaliation claim under California Labor Code §

14  1102.5(b) fails.  Reply, ECF No. 16 at 5-6.  Section 1102.5 is a "whistle-blower" protection statute.

15  *Ferretti v. Pfizer Inc.*, No. 11–CV–04486 LHK, --- F. Supp. 2d ----, 2012 WL 694513, at *4 (N.D.

16  Cal. Feb. 29, 2012).  The provision that Ms. Papillon believes SFUSD violated provides that "[a]n

17  employer may not retaliate against an employee for disclosing information to a government or law

18  enforcement agency, where the employee has reasonable cause to believe that the information

19  discloses a violation of state or federal statute, or a violation or noncompliance with a state or

20  federal rule or regulation."  Cal. Labor Code § 1102.5(b).  California Labor Code § 98.7, in turn,

21  provides: "Any person who believes that he or she has been discharged or otherwise discriminated

22  against in violation of any law under the jurisdiction of the Labor Commissioner may file a

23  complaint with the division within six months after the occurrence of the violation."

24          Judge Koh recently held that a plaintiff is required to exhaust his or her administrative remedies

25  under California Labor Code § 98.7 before filing a claim for violation of California Labor Code §

26  1102.5.  *Ferretti*, 2012 WL 694513, at *4-6.  She explained:

27                  As the California Supreme Court reaffirmed in *Campbell v. Regents of University
                *of California*, 35 Cal. 4th 311, 25 Cal. Rptr. 3d 320, 106 P.3d 976 (2005), "the rule is
28              that where an administrative remedy is provided by statute, relief must be sought

C 12-01847 LB
ORDER

8

1    from the administrative body and this remedy exhausted before the courts will act."
2    *Id.* at 321, 25 Cal. Rptr. 3d 320, 106 P.3d 976 (internal quotation marks and citation
     omitted). "In *Campbell*, the California Supreme Court expressly held that even
3    though § 1102.5 is silent as to any requirement for administrative exhaustion, 'the
     past 60 years of California law on administrative remedies' nevertheless compelled
4    the conclusion that a person bringing a claim under the section is subject to the
     exhaustion requirement." *Reynolds v. City and Cnty. of San Francisco*, Case No.
5    09–CV–0301–RS, 2011 WL 4808423, at *1 (N.D. Cal. Oct. 11, 2011) (quoting
     *Campbell*, 35 Cal. 4th at 329, 25 Cal. Rptr. 3d 320, 106 P.3d 976) (emphasis in
6    original). Thus, under *Campbell*, because section 98.7 provides Plaintiff an
     administrative remedy for a violation of section 1102.5(c), Plaintiff was required to
7    exhaust that remedy before filing her section 1102.5 claim in federal court. Plaintiff
     has not alleged that she filed a complaint with the Labor Commissioner. Although
8    the *Campbell* court noted that there are some exceptions to the exhaustion
     requirement, 35 Cal. 4th at 322, 25 Cal. Rptr. 3d 320, 106 P.3d 976, Plaintiff has not
     alleged that any of those exceptions apply here.

9
10        Plaintiff cites *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320, 90 Cal.
     Rptr. 3d 872 (2009), *Cates v. Division of Gambling & Control*, D046874, 2007 WL
11   702229, at *11 (Cal. Ct. App. Mar. 8, 2007) (unpublished), and *Creighton v. City of
     Livingston*, Case No. CV–F–08–1507 OWW/SMS, 2009 WL 3246825 (E.D. Cal.
12   Oct. 7, 2009) for the proposition that, under California law, a plaintiff is not required
     to exhaust her administrative remedy under section 98.7 before filing a court action.
13   Opp'n 6. For reasons that this Court finds persuasive, a sister court in this district has
     declined to follow *Lloyd* and *Creighton*. *See Dolis v. Bleum USA, Inc.*, Case No.
14   11–CV–2713–TEH, 2011 WL 4501979, at *2 (N.D. Cal. Sep. 28, 2011). As Judge
     Henderson stated, "this Court does not find *Lloyd* persuasive because the case made
15   no attempt to reconcile *Campbell* or any of the cases cited therein that established the
     general rule requiring administrative exhaustion." *Id.* Judge Henderson also
16   "disagree[d] with the narrow reading of *Campbell* adopted by the district court in
     *Creighton*. . . ." *Id.* at *2 n. 1.

17        Indeed, since *Campbell* was decided in 2005, "courts in this district have
18   uniformly held that claims under section 1102.5 must first be presented to the Labor
     Commissioner" before a court can consider them. *Reynolds*, 2011 WL 4808423, at
19   *1 (citing *Carter v. Dep't of Corr.*, No. 09–CV–2413–JF, 2010 WL 2681905, at
     *9–10 (N.D. Cal. July 6, 2010)); *see also Sullivan v. Aramark Uniform and Career
20   Apparel, Inc.*, Case No. 11–CV–2973–HRL, 2011 WL 3360006, at *6 (N.D. Cal.
     Aug. 3, 2011); *Hall v. Apartment Inv. and Mgmt. Co.*, Case No. 08–CV–3447–CW,
21   2008 WL 5396361, at *3 (N.D. Cal. Dec. 19, 2008); *Romaneck v. Deutsche Asset
     Mgmt.*, Case No. 05–CV2473–TEH, 2006 WL 2385237, at *6 (N.D. Cal. Aug. 17,
22   2006). The Court agrees that this reading is most faithful to the California Supreme
     Court's decision in *Campbell*.

23   *Id.* at *5 (footnote omitted).

24        This court agrees with Judge's Koh's and Judge Henderson's decisions and with their reasons for

25   them. And because Ms. Papillon has not alleged that she filed a complaint with the California Labor

26   Commissioner and exhausted her administrative remedies (but it is not clear that she cannot do so),

27
28

C 12-01847 LB
ORDER

9

her claim fails and is **DISMISSED WITHOUT PREJUDICE**.[3]

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** SFUSD's motion to dismiss and **DISMISSES** Ms. Papillon's Complaint.  Her Title VII claims, her FEHA claims, and her claim under California Labor Code § 1102.5 are **DISMISSED WITHOUT PREJUDICE**.  Her other claims are **DISMISSED WITH PREJUDICE**.  Ms. Papillon may file a First Amended Complaint within 21 days from the date of this order.  If she does, she should allege her Title VII and FEHA claims in separate causes of action, rather than together as she did in her Complaint.

This order disposes of ECF No. 5.

**IT IS SO ORDERED.**

Dated: October 12, 2012

_____
LAUREL BEELER
United States Magistrate Judge

_____

[3] The court also notes SFUSD's argument that Ms. Papillon simply has not sufficiently alleged a claim under California Labor Code § 1102.5.  See Reply, ECF No. 16 at 5-6.  It is true that the protection afforded whistle-blowers under § 1102.5 is not extended to general complaints made about the work environment.  *See Mueller v. Cnty. of Los Angeles*, 176 Cal. App. 4th 809, 822, 98 Cal. Rptr. 3d 281 (2009) ("Matters such as transferring employees, writing up employees, and counseling employees are personnel matters.  To exalt these exclusively internal personnel disclosures with whistleblower status would create all sorts of mischief.  Most damagingly, it would thrust the judiciary into micromanaging employment practices and create a legion of undeserving protected 'whistleblowers' arising from the routine workings and communications on the job site.");  *see also Greer v. Lockheed Martin Corp.*, 855 F. Supp. 2d 979, 989 (N.D. Cal. 2012).  But given that the court will allow Ms. Papillon to file a First Amended Complaint, the court will not conclude at this time that she will not be able to do so.

C 12-01847 LB
ORDER